UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AUTUMN MONTGOMERY                    CIVIL ACTION NO.:

VERSUS

WAITR HOLDINGS, INC.                 JUDGE

_____

## COMPLAINT

1. This is an individual and collective action by Plaintiff AUTUMN MONTGOMERY for unpaid minimum wages, overtime pay, damages, penalties, attorney fees, expenses, and injunctive relief under the Fair Labor Standards Act, 29 U.S.C.A. §201 *et seq.* ("FLSA") and state law.

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 because the Plaintiffs claims arise under the Fair Labor Standards Act, 29 U.S.C. 206, 207 et seq.

3. The Court has pendant jurisdiction over the state law claims pursuant to 29 U.S.C.A. §1367(a).

4. Defendant WAITR HOLDINGS, INC. is a Delaware corporation with a principal business establishment in Louisiana.

5. WAITR HOLDINGS, INC. and its predecessor Waitr Incorporated (collectively "WAITR") are or were Employers within the meaning of the FLSA of all persons employed by either entity from March 6, 2016 to the present (the Relevant Time Period).

A. INDIVIDUAL MINIMUM WAGE VIOLATIONS

6. WAITR is in the business of providing restaurant meal ordering services to customers by means of a mobile phone app., and restaurant food delivery service to customers using Delivery Drivers employed by WAITR.

7. Plaintiff was employed by WAITR as a Delivery Driver in the New Orleans market area from December 2017 to May 2018.

8. The Fair Labor Standards Act 29 U.S.C.A. §206(a) (1) (FLSA) requires employers to pay all employees a minimum wage of $7.25 per hour for each hour worked.

9. During the Relevant Time Period Defendant paid Plaintiff a cash wage of $6.00 per hour, and credited tips earned by Plaintiff to satisfy the balance of Defendant's obligation to pay federal minimum wage ($7.25).

10. WAITR required all Delivery Drivers to provide and maintain at their own expense a licensed and insured automobile to make deliveries, and to bear all costs associated with operating the vehicle.

11. In a typical workweek Plaintiff worked 28.78 hours and drove her automobile 279 miles or more delivering food to customers.

12. In 2018 IRS considered $0.545 per mile an adequate and not excessive rate to reimburse employees for the cost of operating an automobile on business. At that rate during an average week Plaintiff and similarly situated Delivery Drivers incurred out of pocket expenses of not less than $152.05, or $5.28 per hour.

13. After deducting auto expenses Plaintiff received a net sub minimum wage each workweek:  $7.25 - $5.28 = net wage $1.97.

14. Requiring Plaintiff and similarly situated Delivery Drivers to provide the tools of WAITR's trade is a prohibited "kickback" under 29 C.F.R. § 531.35.

15. WAITR owes Plaintiff the difference between $7.25 and her net wage after auto expense deductions in each workweek, plus an equal additional amount as liquidated damages plus

Plaintiff's reasonable attorney fees and expenses incurred to remedy the FLSA minimum wage violations.

      B.      MINIMUM WAGE COLLECTIVE ACTION

16. Plaintiff brings this action in an individual capacity and pursuant to 29 U.S.C.A §216(b) in a representative capacity for all persons employed as a Delivery Driver by WAITR INCORPORATED or WAITR HOLDINGS, INC. in any state during the Relevant Time Period, for whom the employer reported wages on IRS Form W-2 (hereafter the "FLSA W2 Driver Class" or "W2 Drivers".

17. During the Relevant Time Period WAITR paid W2 Drivers a regular hourly wage of $5.00 or $6.00, and took credit for Drivers' tips to satisfy the balance of the employer's obligation to pay federal minimum wage ($7.25).

18. Defendant required all Delivery Drivers to provide and maintain a safe, functioning, insured and legally operable automobile to make deliveries, and to bear all out of pocket costs associated with operating the vehicle.

19. WAITR expected all Delivery Drivers to make at least one (1) delivery each half hour during each four to seven hours shift, and assumed an average delivery distance of four (4) miles from restaurant to customer.

20. Delivery Drivers who did not meet those performance standards were subject to discipline or removal from the call list. Those who met Waitr's performance standards incurred auto expenses of not less than $6.54 per hour[1], and minimum wage shortages in an equal amount.

---

[1] Restaurant 1 to Customer 1 (4 miles) + C1 to R2 (4 miles) + R2 to C2 (4 miles), total 12 miles @ $0.545 = $6.54.

21. Requiring members of the W2 Driver Class to provide the tools of WAITR's trade resulted in a "kickback" prohibited by the FLSA. 29 C.F.R. § 531.35.

22. WAITR is liable under 29 U.S.C.A. §206, §216(b) to Plaintiff and to all members of the FLSA W2 Driver Class reimbursement of all minimum wage shortages, for liquidated damages in an equal additional amount, and for Plaintiff's reasonable attorney fees and expenses, pre and post judgment interest, costs and such other legal or equitable relief as the court may deem appropriate.

C. INDIVIDUAL OVERTIME PAY VIOLATIONS

23. The FLSA requires employers to pay non-exempt employees overtime pay (OT) at a rate not less than one and one half times their regular rate for all hours worked over forty (40) in a workweek 29 U.S.C.A. §207.

24. Plaintiff's regular hourly rate was $7.25, comprised of $6.00 cash wage plus tip credit for the difference. The minimum overtime rate payable under FLSA was (1.5) ($7.25) or $10.87.

25. WAITR paid Plaintiff for her overtime hours at the rate of 1.5 times the cash portion of her regular hourly wage: (1.5) (6.00) = $9.00. The result was an OT pay shortage of not less than $1.87 for each hour of work over 40 in a work week.

26. Defendants owes Plaintiff overtime pay at the rate of not less than $1.87 per hour for each work hour over 40 in a work week, plus an equal additional amount as liquidated damages, and Plaintiff's reasonable attorney fees incurred to remedy the FLSA minimum wage violations

D.  FLSA OVERTIME COLLECTIVE ACTION

27. Plaintiff brings this claim in her individual capacity and pursuant to 29 FLSA 216(b) in a representative capacity for members of the W2 Driver class.

28. Plaintiff adopts the allegations set out in ¶ 23 - 25 hereinabove by reference

29. The minimum FLSA overtime rate in all jurisdictions during the Relevant Time Period is (1.5) ($7.25) = $10.87

30. WAITR paid all members of the W2 Driver Class for overtime hours at the rate of 1.5 times their cash wage rather than the minimum FLSA overtime rate of 1.5 times $7.25.

31. Members of the W2 Driver Class who were paid a regular cash wage of $5.00 per hour suffered overtime pay shortages of $3.37 per hour ($10.87 - $7.50).

32. Members of the W2 Driver Class who were paid a regular cash wage of $6.00 per hour suffered overtime pay shortages of $1.87 per hour ($10.87 - $9.00).

33. Defendant is liable to all members of the W2 Driver Class for all overtime pay shortages, plus an equal additional amount as liquidated damages, and or Plaintiff's reasonable attorney fees incurred to remedy the FLSA overtime pay violations.

E.  LOUISIANA STATE LAW CLAIMS

34. Plaintiff brings this action in her individual capacity and pursuant to F.R.C.P. Rule 23 on behalf of Delivery Drivers employed by WAITR INCORPORATED or WAITR HOLDINGS, INC. in Louisiana during the Relevant Time Period (the "Louisiana Driver Class").

35. The Court has pendant jurisdiction over the state law claims pursuant to 29 U.S.C.A. §1367(a).

36. WAITR is in the business of providing restaurant meal ordering services to customers by means of a mobile phone app., and restaurant food delivery service to customers using Delivery Drivers employed by WAITR.

37. During the Relevant Time Period WAITR promised Plaintiff and all other members the Louisiana Driver Class a cash wage of either $6.00 (Orleans and Jefferson) or $5.00 (all other markets) per hour. Drivers classified as contract workers were promised $2.50 per delivery.

38. WAITR required all Delivery Drivers to provide and maintain at their own expense a licensed and insured automobile to make deliveries, and to bear all costs associated with operating the vehicle.

39. Members of the Louisiana Driver Class typically drove between 279 and 500 miles per week delivering WAITR's services, and incurred out of pocket expenses of not less than $152.05 and as much as $272.50 per week, or more.[2]

40. Because Delivery Drivers were required to bear the cost of the tools of the defendant's trade, members of the Louisiana Driver Class did not receive the cash wage promised by WAITR "free and clear".

41. Members of the Louisiana Driver Class who were promised a hourly cash wage of $6.00 actually received only fifty-four cents ($0.54) (or less) after expenses. Drivers who were promised $5.00 per hour, or a fixed amount per delivery, were working for tips only.

---

[2] Delivery Drivers who met Waitr's minimum performance standards incurred auto expenses of not less than $6.54 per hour.

42. By requiring Delivery Drivers to provide the tools of the defendant's trade and to bear that expense WAITR reduced operating expenses, improved its bottom line financial statements and enriched Waitr's shareholders and investors, at the impoverishment of its workers.

43. WAITR was enriched without just cause at the expense of its employees, and is obligated under La. Civil Code Art. 2298 to reimburse all members of the Louisiana Drivers Class for the amount of their auto expenses

44. Because Delivery Drivers did not receive the cash wage promised by WAITR "free and clear" in the next regular paycheck, Defendant violated La. R.S. 23: 634 which provides that employees shall be entitled to all wages actually earned up to the date of their resignation or discharge.

45. Because Delivery Drivers did not receive the cash wage promised by WAITR "free and clear" in the next regular paycheck, Defendant violated La. R.S. 23:635(A) which prohibits unauthorized deductions from wages.

46. Because Delivery Drivers did not receive the cash wage promised by WAITR "free and clear" in the next regular paycheck, Defendant violated La. R.S. 23:631 which requires that all terminated employees receive all wages due under the terms and conditions of employment in the next regular payday or no later than fifteen days following the date of discharge.

47. Members of the class are so numerous that joinder of all members is impracticable

48. The representative parties have claims that are typical of the claims of the entire class[3]; and they will fairly and adequately protect the interests of the class.

---

[3] Recovery by Class members is based on acts or omissions by the defendant that give rise to the class representative's right to relief.

49. Questions of fact common to the entire class include the allegations of fact set out in ¶ 37 – 41.

50. Common questions of law include (a) whether WAITR was enriched without cause at the expense of its employees within the meaning of La. Civil Code Art. 2298, (b) whether WAITR is required by Art. 2298 to reimburse all members of the Louisiana Drivers Class for their automobile expenses, (c) whether the defendant violated La. R.S. 23: 634, (d) whether the defendant violated La. R.S. 23:635(A), (d) whether the defendant violated La. R.S. 23:631 with respect to employees whose employment ended during the Relevant Time Period, and (e) whether the defendant is liable for penalty wages and attorney fees under La. R.S 23:632.

51. Common Relief includes reimbursement of all Class Members for the cost of providing and maintaining an automobile to make food deliveries, at the IRS mileage reimbursement rate of $0.545 per mile.

52. Questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

53. A class action may be maintained under F.R.C.P. Rule 23(a)(1) because separate actions by individual class members would create a risk of inconsistent adjudications with respect to individual class members that would establish incompatible standards of conduct for the defendant, or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

54. The defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

F. CLASS NOTICE and EQUITABLE TOLLING

55. The right to recover unpaid minimum wage and overtime pay under the FLSA is subject to a time limitations period of two years, or three years for minimum wage violations.

56. Similarly situated members of the FLSA W2 Driver Class are entitled to receive notice of this action and of their right to opt in, or to pursue individual civil actions. 29 U.S.C.A. § 216(b).

57. Objections to certification of an FLSA collective action or over the form and content of notice may unduly delay notice to prospective members of this action and of their right to opt into the action.

58. For the foregoing reasons the Court should issue an immediate order tolling the limitations period for persons who may ultimately opt in as plaintiffs in the FLSA collective action.

WHEREFORE, Plaintiffs pray that citation be issued and served on Defendant, and

a. That this action be provisionally certified as an FLSA §216(b collective action for notice to prospective class members with respect to the claims asserted in §B and §D of the Complaint.

b. That this action be certified as a Rule 23 class action with respect to the claims asserted in § E of the Complaint.

c. That Defendant be ordered to provide the name, address, telephone number, cell phone number and email address for:

FLSA W2 DRIVER CLASS

All Delivery Drivers employed by WAITR INCORPORATED or WAITR HOLDINGS, INC. in any state from March 6, 2016 to the present for whom the employer reported wages on IRS Form W2.

LOUISIANA DRIVER CLASS

All Delivery Drivers employed in Louisiana by WAITR INCORPORATED or WAITR HOLDINGS, INC. from March 6, 2016 to the present.

 d. That the Court authorize Notice of the pendency of the action and the opportunity to opt in as plaintiffs to all persons defined in the FLSA W2 Driver Class, and

 e. For an order tolling the limitations period for the filing of claims by putative members of the FLSA W2 Driver Class, and

 f. For judgment in favor of Plaintiff MONTGOMERY and all members of the FLSA W2 Driver Class for unpaid minimum wages and overtime pay due and for liquidated damages in equal additional amounts,

 g. for judgment in favor Plaintiff MONTGOMERY and all members of the Louisiana Driver Class ordering WAITR to reimburse all Class Members for the cost of providing and maintaining an automobile to make food deliveries, at the rate of not less than $.545 per mile, and

 h. For judgment in favor Plaintiff MONTGOMERY and all members of the Louisiana Driver Class whose employment was terminated for penalty wages under La. R.S. 23:632 at the employees' regular rate of pay for a period of three months after date of demand, and

 i. For an order permanently enjoining the defendant from failing to pay the cash wage promised to employees "free and clear" of auto expenses.

 j. A service or incentive award to the named Plaintiff, and

 k. An award for Plaintiffs' reasonable attorney's fees and expenses, and

 l. For pre-judgment and post judgment interest on all sums due, taxable costs and for all other legal, equitable or other relief which the court may deem appropriate.

RESPECTFULLY SUBMITTED,

**BRINEY FORET CORRY**

/s/Christophe L. Zaunbrecher
CHRISTOPHER L. ZAUNBRECHER (09546)
BRINEY FORET CORRY, LLP
413 Travis Street, Suite 200
Post Office Drawer 51367
Lafayette, Louisiana 70505-1367
Telephone: (337) 456-9835
Facsimile: (337) 233-8719
E-mail:  zaunbrecher@brineyforet.com
Counsel for Plaintiff, Autumn Montgomery

11