UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AUTUMN MONTGOMERY | * | CIVIL ACTION |
| | * | NO. 19-02208 |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | SECTION "L" |
| | * | JUDGE FALLON |
| WAITR HOLDINGS, INC. | * | |
| | * | |
| Defendant. | * | MAG. DIV. (3) |
| | * | MAG. JUDGE DOUGLAS |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL ARBITRATION AND DISMISS
NAMED PLAINTIFF NATESHUS JACKSON**

Defendant, Waitr Holdings Inc. ("Waitr"), respectfully submits this Memorandum in Support of its Motion to Compel Arbitration of the individual claims asserted by named plaintiff, Nateshus Jackson. Mr. Jackson is not the only plaintiff subject to an arbitration agreement with Waitr, but he is the only *named* plaintiff subject to an arbitration agreement. Given the current procedural posture of this case and continued joining of opt-in plaintiffs, this Motion does not seek the dismissal of opt-in plaintiffs subject to arbitration agreements, but Waitr specifically reserves its right to compel the arbitration of claims asserted by opt-in plaintiffs, as well as all other rights and defenses it may have with respect to the opt-in plaintiffs, subject to conditional certification and/or further guidance of the Court.

**INTRODUCTORY STATEMENT**

Waitr is a technology company that operates an online food order and delivery platform that allows its patrons to utilize a mobile or desktop application to order food and have it

delivered from participating restaurants. Mr. Jackson is an independent contractor who worked for Waitr between January 2017 and September 2018.[1] In connection with and in consideration for his engagement with Waitr, Mr. Jackson signed an Acknowledgement of his receipt of the Independent Contractor and Software License Agreement (the "Agreement"), which includes, among other things, an agreement to resolve in arbitration any and all legal claims or disputes arising from or related to his business with Waitr and to arbitrate those disputes on an individual basis.[2] Notwithstanding this agreement, Mr. Jackson joined this lawsuit as a named plaintiff, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"),[3] and seeking to represent a collective of similarly situated workers.[4]

It is now undisputed that arbitration agreements providing for individualized arbitration proceedings are enforceable. *Epiq Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1616 (2018) ("Congress has instructed in the Arbitration Act that arbitration agreements providing for individualized proceedings must be enforced, and neither the Arbitration Act's saving clause nor the NLRA suggests otherwise."). The Supreme Court's ruling in *Epiq Systems* removes any doubt as to the enforceability of Mr. Jackson's Agreement with Waitr. Accordingly, pursuant to that Agreement and the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), Waitr requests that the Court issue an Order compelling Mr. Jackson to arbitrate his claims against Waitr on an individual basis, and dismissing Mr. Jackson's claims from the pending Supplemental and Amending Complaint

---

[1] Supplemental and Amending Complaint (Doc No. 3), ¶ 15-1.

[2] *See* Declaration of Janine B. Hebert, dated April 26, 2019, attached hereto as Exhibit "1," at Tab "A" (Mr. Jackson's Independent Contractor and Software License Agreement, dated Oct. 5, 2016 (hereinafter "Agreement")).

[3] Supplemental and Amending Complaint (Doc No. 3), ¶ 1.

[4] *Id.* at ¶ 22-1.

(Doc. No. 3). Waitr further requests that the Court order Mr. Jackson to pay reasonable attorneys' fees and costs in connection with this Motion.[5]

## I.   RELEVANT FACTUAL BACKGROUND

Waitr's platform provides on-demand lead generation and related services that enable delivery providers, such as Mr. Jackson, to seek, receive, and fulfill on-demand requests for food delivery services by application users.[6] Waitr operates and maintains offices in Lake Charles and Lafayette, Louisiana and currently serves customers in over a dozen states.[7] On or about October 5, 2016, Waitr engaged Mr. Jackson as an independent contractor to provide delivery services using Waitr's delivery application in and around Baton Rouge, Louisiana.[8] Between January of 2017 and September of 2018, Mr. Jackson provided delivery services to customers through Waitr's online platform.[9]

### A.   Mr. Jackson's Agreement with Waitr to Arbitrate His Claims on an Individual Basis

Also on or about October 6, 2016, Mr. Jackson signed an Acknowledgment, acknowledging his acceptance of the terms and conditions of the Agreement.[10] Pursuant to Article XV of the Agreement, Mr. Jackson and Waitr agreed that "any and all" legal claims or disputes arising out the Agreement must be "submitted to confidential, binding arbitration before

---

[5] *See* Ex. "1," at Tab "A," Agreement, at p. 19.

[6] *Id.* at p. 2.

[7] https://waitrapp.com/cities.

[8] *See* Ex. "1," at Tab "A," Agreement.

[9] Supplemental and Amending Complaint (Doc. No. 3), at ¶ 15-1.

[10] *See* Ex. "1," at Tab "A," Agreement, at p. 22.

the American Arbitration Association…."[11]  The Agreement further provides that arbitration shall be "THE SOLE AND EXCLUSIVE REMEDY FOR ANY DISPUTES BETWEEN [Waitr and Mr. Jackson]."[12]  Finally, both Waitr and Mr. Jackson agreed that:

> BY ENTERING INTO THIS AGREEMENT, THE PARTIES UNDERSTAND AND ACKNOWLEDGE THAT EACH MAY ONLY PURSUE CLAIMS AGAINST EACH OTHER ON AN INDIVIDUAL BASIS, AND THEY WAIVE ANY RIGHT TO PURSUE ANY CLAIM AGAINST EACH OTHER IN A CLASS OR COLLECTIVE ACTION OF ANY KIND AND IN ANY FORUM.[13]

Stated another way, Mr. Jackson specifically agreed that any disputes related to his contract with Waitr would proceed via individualized arbitration only.

        *B.*    *Despite His Agreement to Individualized Arbitration, Mr. Jackson Files Suit Alleging Violations of the FLSA and Seeks Collective Treatment for His Claims.*

On March 12, 2019, Mr. Jackson joined co-plaintiff, Autumn Montgomery, (collectively "Plaintiffs") in bringing the Supplemental and Amending Complaint (Doc. No. 3).  As set forth in the Complaint, Plaintiffs allege that Waitr failed to pay them and "similarly situated Drivers" the minimum wage[14] and/or overtime compensation for hours worked over 40 per workweek,[15] all in violation of the FLSA.  Plaintiffs seek as damages alleged unpaid minimum wages, overtime pay, damages, penalties, attorney fees, expenses, and injunctive relief under the FLSA and state law.[16]

---

[11] Ex. "1," at Tab "A," Agreement, p. 18.

[12] *Id.* at p. 19 (emphasis in original).

[13] *Id.* (emphasis in original).

[14] Supplemental and Amending Complaint (Doc. No. 3), at ¶¶ 15-1, 15-7, 22-1, and 22-2.

[15] *Id.* at ¶¶ 26-1, 33-1, and 33-2.

[16] *Id.* at ¶ 1.

Plaintiffs' claims falls squarely and expressly within the scope of Mr. Jackson's Agreement with Waitr. Pursuant to his Acknowledgment of the Agreement, Mr. Jackson agreed to resolve his claims against Waitr in arbitration, on an individual basis.

## II. LAW AND ARGUMENT

### A. The Court Should Compel Individualized Arbitration of Mr. Jackson's Claims.

Mr. Jackson's Agreement with Waitr expressly is "governed by the Federal Arbitration Act (9 U.S.C. §§ 1-16)."[17] Pursuant to Section 2 of the FAA, "a contract evidencing a transaction involving commerce to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* at § 2. Courts employ a two-step inquiry to determine whether a party should be compelled to arbitrate, considering: (1) whether the parties agreed to arbitrate the dispute; and (2) whether any legal restraints, external to the parties' agreement, foreclose arbitration of the claims. *E.g., Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (1985)). In this case, Waitr and Mr. Jackson clearly agreed to the individualized arbitration of Mr. Jackson's FLSA claims, and there is no external legal restraint rendering their agreement unenforceable.

### 1. The Parties Agreed to Arbitrate Mr. Jackson's Claims.

The question of whether parties agreed to arbitrate a dispute involves two determinations: (1) whether there is a valid agreement to arbitrate, and (2) whether the dispute in question falls within the scope of that agreement. *E.g., Tittle*, 463 F.3d at 418-19. Any doubts concerning the

---

[17] Ex. "1," at Tab "A," Agreement , p. 19.

arbitrability of a claim must be resolved in favor of arbitration. *E.g., Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004) (internal citations omitted).

Mr. Jackson's Agreement with Waitr clearly constitutes an agreement to arbitrate: "CONTRACTOR AND COMPANY ACKNOWLEDGE AND AGREE THAT ARBITRATION IN ACCORDANCE WITH THIS SECTION SHALL BE THE SOLE AND EXCLUSIVE REMEDY FOR ANY DISPUTES BETWEEN THEM, AND THEY WAIVE THE RIGHT TO A TRIAL BY JURY OF ANY KIND IN ANY FORUM."[18] Mr. Jackson signed the Acknowledgement agreeing to its terms.[19] Therefore, there is a valid agreement to arbitrate.

Mr. Jackson's claims in this suit also fall squarely and expressly within the scope of the parties' agreement to arbitrate: "If Contractor or Company has a legal claim or dispute against the other for violation of this Agreement for any dispute whatsoever relating to the consulting services or other related business between them (other than for disputes regarding the intellectual property rights of the parties), any and all such claims (as well as claims concerning the arbitrability of such claims) will be submitted to confidential, binding arbitration…."[20] This matter specifically focuses on the compensation Mr. Jackson received pursuant to this Agreement thus is subject to the parties' agreement to arbitrate.

Additionally, to the extent Mr. Jackson disputes whether his claims are subject to arbitration, that issue also must be submitted to arbitration. The Supreme Court has held that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not

---

[18] *Id.* (emphasis in original).

[19] *See id.* at p. 20.

[20] *Id.* at p. 18.

override the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). Mr. Jackson's Agreement with Waitr explicitly states that "any and all claims" includes, without limitation, "claims concerning the arbitrability of such claims."[21] Mr. Jackson's claims belong in arbitration.

2. <u>Plaintiff's Waiver of Collective Treatment is Enforceable.</u>

Prior to the Supreme Court's decision in *Epiq Systems*, Mr. Jackson might have argued that the class and collective action waiver contained in his Agreement rendered the Agreement's provision for arbitration unenforceable – that is, that the waiver constitutes "grounds . . . at law or in equity for the revocation" of the arbitration agreement. 9 U.S.C. § 2. In *Epiq Systems*, however, the Supreme Court decisively rejected that argument, holding that individualized arbitration of FLSA claims is not grounds for revocation under the so-called "savings clause" of the FAA, and further does not offend the National Labor Relations Act, 29 U.S.C. §§ 151-159 ("NLRA"). Nor does the Agreement's class and collective action waiver offend the FLSA itself – a longstanding precedent reaffirmed in *Epiq Systems*. *Id.* at *10.

In short, there are no external, legal restraints foreclosing individualized arbitration of Mr. Jackson's claims. The Court should compel arbitration of Mr. Jackson's claims pursuant to the terms of the Agreement between the parties.

B. *The Court Should Dismiss Mr. Jackson's Claims from the Collective Action Complaint and Award Waitr Costs and Attorneys' Fees Incurred.*

When all issues raised in an action are subject to arbitration, the proper course is for the Court to dismiss, rather than merely stay, the action. *Ruiz v. Donahoe*, 784 F.3d 247, 250 n.13

---

[21] *See id.*

(5th Cir. 2015); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also, e.g., Gonzales v. Brand Energy & Infrastructure Servs., Inc.*, No. 12-1718, 2013 WL 1188136, at *5-6 (S.D. Tex. 3/20/13). Although this Court may decide to allow this lawsuit to proceed as to the other named plaintiff, Autumn Montgomery, dismissal of Mr. Jackson's claims is appropriate as all of his claims are subject to arbitration. *See Collado v. J. & G. Transp., Inc.*, No. 14-80467, 2015 WL 1478609, at *8 (S.D. Fla. 3/31/15) (granting defendant's motion to compel and dismissing claims of plaintiffs who had signed arbitration agreements); *see also Lloyd v. J.P. Morgan Chase & Co.*, No. 11-9305, 2013 WL 4828588, at *6 (S.D.N.Y. 9/9/13), aff'd in part, 791 F.3d 265 (2d Cir. 2015).

In conjunction with the dismissal of Mr. Jackson's claims, Waitr requests that the Court award it costs and attorneys' fees as provided in the Agreement, which states:

> In the event that Contractor or Company file a lawsuit against the other, notice of the existence of the arbitration agreement should be given to the other party, and if the lawsuit is not dismissed within ten (10) days from receipt of such notice, the party filing or prosecuting the lawsuit shall be liable for the other's costs and attorneys' fees incurred in dismissing the lawsuit.[22]

All of the requisite conditions are satisfied here. Mr. Jackson filed suit against Waitr despite his agreement to arbitrate claims against Waitr. On April 17, 2019, Waitr informed Mr. Jackson's counsel of the existence of the Agreement acknowledged by Mr. Jackson and provided a copy thereof.[23] Mr. Jackson did not thereafter dismiss his claims, necessitating this Motion. Pursuant to the Agreement, he should be liable for Waitr's costs and attorneys' fees incurred in connection with this Motion.

---

[22] *Id.* at p. 19.

[23] *See* Letter from E. Howser to C. Zaunbrecher, dated Apr. 17, 2019, attached hereto as Exhibit "3."

C. *Waitr Anticipates Moving to Compel Opt-In Plaintiffs Who Likewise Agreed to Arbitrate Their Claims Against Waitr.*

As of this date, 7 plaintiffs have opted into this lawsuit, and Waitr anticipates that additional individuals will continue to provide consents to join the case. Waitr maintains that at least 4 of the opt-in plaintiffs who have filed consents to date agreed to arbitrate their claims,[24] and that a significant portion of those who file consents moving forward likewise may be subject to arbitration agreements. Given the procedural posture of this case, in the interests of judicial efficiency and in deference to the Court's management of this case as it sees fit and guidance as to conditional certification briefing and otherwise, this Motion does not seek dismissal beyond Mr. Jackson. But, although this Motion to Compel focuses only on Mr. Jackson, as he is a named plaintiff, Waitr intends to move in short order to compel the arbitration of the claims asserted by all opt-in plaintiffs also subject to arbitration agreements, both presently identified and to be identified in the future. Waitr will defer to the Court as to how best to present the issue of opt-in plaintiffs subject to arbitration agreements.

### III. CONCLUSION

The Agreement between Mr. Jackson and Waitr and applicable law are clear and straightforward: the parties agreed to the individualized arbitration of Mr. Jackson's claims, and the class and collective action waiver contained in the Agreement is enforceable. For all of the foregoing reasons, Waitr requests that the Court compel arbitration of Mr. Jackson's individual claims, and dismiss his claims from this action. Waitr reserves all rights and defenses it may have with respect to present and future opt-in plaintiffs.

---

[24] *See* List of Opt-In Plaintiffs Who Have Agreed to Arbitrate, attached hereto as Exhibit "4."

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

BY:   *s/ Erin Pelleteri Howser*
     STEVEN F. GRIFFITH, JR. (27232)
     ERIN PELLETERI HOWSER, T.A. (30666)
     KATHLYN G. PEREZ (30668)
     LAURA E. CARLISLE (33760)
     EMILY OLIVIER KESLER (37747)
     201 St. Charles Avenue, Suite 3600
     New Orleans, Louisiana 70170
     Telephone: (504) 566-5200
     Facsimile: (504) 636-4000
     E-mail: sgriffith@bakerdonelson.com
     E-mail: epelleteri@bakerdonelson.com
     E-mail: kperez@bakerdonelson.com
     E-mail: lcarlisle@bakerdonelson.com
     E-mail: ekesler@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT, WAITR HOLDINGS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants.

        *s/ Erin Pelleteri Howser*
        ERIN PELLETERI HOWSER