UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AUTUMN MONTGOMERY, | * | CIVIL ACTION |
| | * | NO. 19-02208 |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | SECTION "L" |
| | * | JUDGE FALLON |
| WAITR HOLDINGS, INC., | * | |
| | * | |
| Defendant. | * | MAG. DIV. (3) |
| | * | MAG. JUDGE DOUGLAS |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF WAITR HOLDINGS INC.'S
RULE 12 MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIMS
<u>AND ASSOCIATED CLASS ACTION ALLEGATIONS</u>**

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**
STEVEN F. GRIFFITH, JR. (27232)
ERIN PELLETERI HOWSER, T.A. (30666)
KATHLYN G. PEREZ (30668)
LAURA E. CARLISLE (33760)
EMILY OLIVIER KESLER (37747)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
E-mail: sgriffith@bakerdonelson.com
E-mail: epelleteri@bakerdonelson.com
E-mail: kperez@bakerdonelson.com
E-mail: lcarlisle@bakerdonelson.com
E-mail: ekesler@bakerdonelson.com

**ATTORNEYS FOR WAITR HOLDINGS INC.**

# **TABLE OF CONTENTS**

**Page**

I.    Introduction and Relevant Background ............................................................................1

II.    Law and Argument ...........................................................................................................4

        A.    Plaintiffs Fail to State a Cognizable Claim Under Louisiana State Law ...............4

            1.    Plaintiffs Fail to State a Claim for Unjust Enrichment ..............................4

            2.    There Has Been No Pled Violation
of the Louisiana Wage Payment Act .........................................................5

        B.    The Court Should Decline to Exercise Supplemental Jurisdiction
Over Plaintiffs' State Law Claims and Class Allegations ....................................7

            1.    There Are Compelling Reasons for Declining
Supplemental Jurisdiction Over Plaintiffs'
State Law Claims and Associated Class Allegations. ...............................8

            2.    Plaintiffs' State Law Claims Raise Unique Issues of
State Law and Will Predominate Over Plaintiffs' FLSA Claims. ...........13

III.    Conclusion ......................................................................................................................14

Certificate of Service ................................................................................................................15

i

**MEMORANDUM IN SUPPORT OF WAITR HOLDINGS INC.'S
RULE 12 MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIMS
AND ASSOCIATED CLASS ACTION ALLEGATIONS**

Waitr Holdings Inc. ("Waitr"), respectfully submits this Memorandum in Support of its Motion to Dismiss the state law claims and class action allegations asserted in the Complaint (Doc. No. 1) and Supplemental and Amending Complaint (Doc. No. 3) filed by plaintiffs, Autumn Montgomery and Nateshus Jackson (collectively, "Plaintiffs"). For the reasons set forth below, Plaintiffs fail to state a cognizable claim for unjust enrichment, violations of the Louisiana Wage Payment Act, La. Rev. Stat. §§ 23:631 *et seq.* ("LWPA"), or under any other theory provided by Louisiana law, and their claims pursuant to state law and the associated class allegations should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Moreover, Plaintiffs' state law claims and associated Rule 23 class allegations – all premised on supplemental jurisdiction under 28 U.S.C. § 1367(a) – are incompatible with the substantive core of this case – alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). Accordingly, even if Plaintiffs had stated cognizable claims under state law (and they have not), the Court should decline to exercise supplemental jurisdiction over the claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1367(c).

**I.    Introduction and Relevant Background**

Waitr is a technology company that operates an online food order and delivery platform that allows its patrons to utilize a mobile or desktop application to order food and have it delivered from participating restaurants. Named plaintiffs Autumn Montgomery and Nateshus Jackson allege they previously worked for Waitr as food delivery drivers in the New Orleans and

1

Baton Rouge areas, respectively.[1] Ms. Montgomery, who worked for Waitr as an employee, alleges that Waitr failed to pay her the applicable minimum wage for all hours worked, in violation of Section 206(a) of the FLSA, and that it failed to pay her the correct amount of overtime for all hours worked over 40 per workweek, in violation of Section 207 of the FLSA.[2] Mr. Jackson, who contracted with Waitr to provide food delivery services, alleges Waitr misclassified him as an independent contractor, failed to pay him the applicable minimum wage, and failed to compensate him correctly for hours worked over 40 per workweek, all also in violation of the FLSA.[3] Both named plaintiffs seek to represent nationwide collections of "similarly situated Drivers" under Section 216(b) of the FLSA.[4]

But, Plaintiffs also have asserted claims under Louisiana state law, specifically for unjust enrichment and various alleged violations of the Louisiana Wage Payment Act, La. Rev. Stat. §§ 23:631 – 635, all based on the same facts asserted in support of Plaintiffs' FLSA claims. Specifically, Plaintiffs allege that Waitr's alleged requirement that drivers bear the costs associated with their vehicles unjustly enriched Waitr at Plaintiffs' expense and gives rise to various violations of the Louisiana Wage Payment Act, specifically Sections 23:631 (payment of amounts due upon termination), 23:634 (prohibition against contracts forfeiting wages), and 23:635 (prohibition against "fines"). And, Plaintiffs seek to certify a class action pursuant to

---

[1] Supplemental and Amending Complaint (Doc. No. 3), ¶¶ 7 and 15-1.

[2] *Id.* at ¶¶ 9-15, 23-26.

[3] *Id.* at ¶¶ 15-1 – 15-8, 26-1 – 26-1.

[4] *Id.* at ¶¶16-22, 22-1 – 22-2, 27-33, 33-1 – 33-2.

Federal Rule of Civil Procedure 23 in connection with their state law claims.[5] Plaintiffs' claims under the FLSA are premised on federal question jurisdiction pursuant to 28 U.S.C. § 1331; their state law claims and associated class action allegations are premised on supplemental jurisdiction under Section 1367(a).[6]

Plaintiffs fail to state a cognizable claim under any theory of state law. In fact, certain of their purported claims are preempted by the FLSA. Regardless of the facial deficiencies in Plaintiffs' state law claims, however, there is a fundamental incompatibility between the FLSA's collective action scheme and a Rule 23 class action that weighs in favor of the Court declining to exercise jurisdiction over Plaintiffs' state law claims and class allegations. *E.g., LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975); *see also, e.g., Jackson v. City of San Antonio*, 220 F.R.D. 55, 60 (W.D. Texas 2003). More specifically, permitting Plaintiffs to proceed simultaneously with their FLSA and state law claims and collective action and class allegations will undermine the underlying purpose of Section 216(b) and its affirmative opt-in requirement, present countless, unnecessary case management issues for the Court and the parties, detract from the efficient resolution of the substantive dispute, and threaten the propriety of the Court's jurisdiction over certain plaintiffs who fail to opt in to Plaintiffs' proposed collective action but are nonetheless made part of the suit because they fail also to opt out of Plaintiffs' proposed class action. For all of these reasons, set forth more fully below, the Court should dismiss Plaintiffs' state law claims and the associated class allegations.

---

[5] *Id.* at ¶¶ 34-54.

[6] *Id.* at ¶¶ 2-3.

## II.       Law and Argument

### A.       *Plaintiffs Fail to State a Cognizable Claim Under Louisiana State Law.*

As noted above, Plaintiffs seek to recover under Louisiana law for claims based on unjust enrichment and violations of the Louisiana Wage Payment Act, La. Rev. Stat. §§ 23:631 *et seq.* (the "LWPA"), in addition to their FLSA claims. However, the purported basis for such recovery under state law is identical to the purported basis for recovery under the FLSA. Putting aside for a moment that the LWPA is not the appropriate mechanism for enforcement of FLSA claims,[7] the state law claims as pled are deficient and preempted on their face.

#### 1.       Plaintiffs Fail to State a Claim for Unjust Enrichment.

Plaintiffs' claim for unjust enrichment is barred outright as a matter of law. It is well-settled that, to establish an unjust enrichment claim, a plaintiff must prove: "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and resulting impoverishment, (4) an absence of 'justification' or 'cause' for the enrichment and impoverishment, and (5) **no other remedy at law available to plaintiff**." *Huntsman Int'l LLC v. Praxair, Inc.*, 201 So. 3d 899, 911 (La. App. 4th Cir. 2016) (citation omitted) (emphasis added). Critically, where a plaintiff has asserted another claim − whether the claim is ultimately successful or not − a plaintiff cannot also bring an unjust enrichment claim; an "unjust enrichment claim cannot succeed [where a plaintiff] cannot establish an absence of another remedy at law available to him." *Dugas v. Thompson*, 71 So. 3d 1059, 1068 (La. App. 4th Cir. 2011) (citing LA. CIV. CODE art. 2298); *Walters v. MedSouth Record Mgmt., LLC*, 38 So. 3d 241, 242 (La. 2010). "The unjust enrichment remedy is only applicable to fill a gap in the law where no express remedy is

---

[7] *See Odom v. Respiratory Care, Inc.*, 754 So. 2d 252 (La. App. 1st Cir. 1999).

provided." *Id*. (citations and internal quotation marks omitted).  Given that Plaintiffs have not demonstrated there is a gap in the law and has pled other claims against Waitr, their unjust enrichment claim should be dismissed.

### 2. There Has Been No Pled Violation of the Louisiana Wage Payment Act.

Plaintiffs have alleged Waitr is liable for damages under the LWPA for failing to pay their wages "'free and clear' in the next regular paycheck" in violation of Section 23:634 and for making unauthorized deductions from their wages in violation of Section 23:635.[8]

The purpose of the LWPA is to compel an employer to pay the earned wages of an employee promptly after his dismissal or resignation and to protect discharged Louisiana employees from unfair and dilatory wage practices by employers.  *Berard v. L–3 Commc'ns Vertex Aerospace, LLC,* 35 So. 3d 334, 342 (La. App. 1st Cir. 2010), *writ denied,* 38 So. 3d 302 (La. 2010).  For that reason, the statute requires payment following termination of the "amount then due under the terms of employment."  LA. REV. STAT. 23:631(A)(1)(a).  Plaintiffs here seek to represent both current and former delivery drivers which necessarily includes persons who have not been terminated and are thus outside of the protections of the LWPA.

More, the thrust of Plaintiffs' complaint is not that Waitr failed to pay them their agreed upon wages, but rather that the wages paid per the parties' agreement were insufficient under federal law because the drivers were allegedly incurring out-of-pocket expenses associated with the use of their personal vehicles.[9]  Within the meaning of Section 23:635, a "fine" is a pecuniary penalty imposed on the employee for violating some law, rule or regulation.  *See, e.g.*, *Richard v.*

---

[8] Supplemental and Amending Complaint (Doc. No. 3), ¶¶ 44-45.

[9] *Id.* at ¶¶ 39-40.

5

*Flowers Foods, Inc.*, No. 15-2557, 2018 WL 5305377, at *6 (W.D. La. 8/13/18) (citing *Brown v. Navarre Chevrolet, Inc.*, 610 So.2d 170 (La. App. 3$^d$ Cir. 1992). The expenses allegedly incurred by Plaintiffs here were not fines or deductions within the meaning of Section 23:635 as they were not levied upon Plaintiffs for failing to follow workplace procedures or regulations. *Cf. Samson v. Apollo Res., Inc.*, 242 F.3d 629, 637-38 (5th Cir. 2001). Instead, by Plaintiffs' own allegations, any deficiency in the wages paid to Plaintiffs would be a violation of a federal regulation, namely 29 C.F.R. § 531.35.[10]

Finally, Plaintiffs' state law LWPA claims should be dismissed to the extent that those claims seek payment of overtime wages. Louisiana law does not mandate the payment of overtime wages. *See, e.g.*, *Smith v. Diamond Offshore Mgmt. Co.*, No. 03-2024, 2003 WL 23095586, at *4 (E.D. La. 12/23/03) (Engelhardt, J.) (dismissing the plaintiff's LWPA claim for overtime wages, on the ground that Louisiana law does not mandate the payment of overtime wages); *Barrios v. Title*, No. 96-727, 1996 WL 312063, at *1 (E.D. La. 6/10/96) (Duval, J.) ("An employee's right to overtime wages is governed exclusively by § 207 of the FLSA; there is no Louisiana state law requiring the payment of overtime wages."); *Odom*, 754 So. 2d at 256 ("[T]here is a distinction between an employer timely paying earned wages for all hours worked, and an employer refusing to pay the extra wages an employee claims are due on the hours he worked in excess of the statutory maximum. The payment of overtime wages is clearly governed by the FLSA."). Simply, there has been no pled violation of the LWPA, and these claims should be dismissed with prejudice.

---

[10] *Id.* at ¶ 14.

> B. *The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims and Class Allegations.*

Even if Plaintiffs had pled cognizable claims under state law (and they have not), the Court should still dismiss these claims because of the legal and procedural complexities and inconsistencies associated with contemporaneous class and collective actions.

The exercise of supplemental jurisdiction under Section 1367 is discretionary and "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, (1988)); *see also, e.g., In re Am. Fam. Mut. Ins. Co. Overtime Pay Litig.*, 638 F. Supp. 2d 1290, 1297 (D. Colo. 2009) (same). Section 1367(a) permits the Court to decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Taking these bases in reverse, the fundamental incompatibility of Plaintiffs' collective action allegations and Rule 23 class allegations provide a compelling reason for declining jurisdiction over the state law claims, Plaintiffs' state law claims involve unique issues of Louisiana law that pertain only to a subset of the putative plaintiffs, and Plaintiffs' state

7

law claims will substantially predominate over their FLSA claims. Regardless of whether Plaintiffs' state law claims can survive Rule 12(b)(6) (they cannot), the Court should decline to exercise supplemental jurisdiction over those claims pursuant to Section 1367(c).

> 1. There Are Compelling Reasons for Declining Supplemental Jurisdiction Over Plaintiffs' State Law Claims and Associated Class Allegations.

Fifth Circuit case law disfavors the extension of Section 1367 jurisdiction to state law claims in the context of an FLSA suit and the simultaneous management of a Rule 23 class action and Section 216(b) collective action(s)[11] within the same proceeding:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b).

*LaChapelle*, 513 F.2d at 288; *see also, e.g.,* Jackson, 220 F.R.D. at 60 (same). Moreover, federal courts repeatedly have declined to exercise supplemental jurisdiction over claims requiring the simultaneous management of a collective action and class action in the same proceeding.[12] As

---

[11] Plaintiffs seek to certify two separate collections and one class action. *See id.* at Part VIII(c).

[12] *See, e.g.*, *LaChapelle*, 513 F.2d at 289 (holding that Rule 23 opt-out actions and FLSA opt-in claims are mutually exclusive and irreconcilable); *Teahl v. Lazy Flamingo, Inc.*, No. 13-833, 2016 WL 4136537, at *10 (M.D. Fla. 6/21/16), *report and recommendation adopted*, No. 13-833, 2016 WL 4063256 (M.D. Fla. 7/29/16) (denying certification of hybrid action on basis that collective and class actions are incompatible); *Powers v. Centennial Commc'ns Corp.*, 679 F. Supp. 2d 918, 928 (N.D. Ind. 2009) (declining to certify proposed class in former employee's action against former employer alleging violations of Indiana Wage Payment Statute in light of employee's collective-action claim against the employer under FLSA; the difficulties posed by combining Rule 23 opt-out notice procedures and FLSA opt-in notice procedures in the same action rendered the class unsuitable); *Pridemore v. Jiffy Mini-Marts, Inc.*, No. 207-0249, 2008 WL 5062754, at *4 (S.D. Ind. 11/24/08) (denying certification on basis that state law class action would substantially predominate the FLSA collective action); *Warner v. Orleans Home Builders, Inc.*, 550 F. Supp. 2d 583, 587-90 (E.D. Pa. 2008) (finding that collective actions under the FLSA are incompatible with state-law actions for overtime pay brought under Rule 23, and the two types of actions cannot be included in a single lawsuit in federal court; allowing the two types of actions to proceed in a single suit would undermine Congress's intent in implementing an opt-in requirement for FLSA collective actions); *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 190 (M.D. Pa. 2008) (finding that simultaneous prosecution of FLSA collective action and class action would frustrate congressional intent and circumvent § 216(b)'s opt-in requirement); *Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368, at *5 (D.N.J. 1/6/06) (denying class certification in hybrid FLSA/state class action; allowing plaintiff "to circumvent the opt-in requirement and bring unnamed parties to federal court by calling upon state statutes similar to the FLSA would undermine Congress's

8

noted by the district court in *Jackson*, there are several reasons weighing against the exercise of supplemental jurisdiction, especially in the Fifth Circuit:

> At best, the propriety of the Court's jurisdiction over [] pendent plaintiffs who d[o] not opt-out of the state claim but fail[] to opt-in to the FLSA claim is murky, given disparate treatment of the issue throughout the federal courts. In addition, the simultaneous management of the two 'irreconcilable' procedures for class formation is unwieldy, would detract from the efficient resolution of the substantive dispute and, most importantly, is frowned upon by the Fifth Circuit.

*Jackson*, 220 F.R.D. at 59-60.

Plaintiffs seek to certify two separate collections consisting of (1) "All Delivery Drivers employed by WAITR INCORPORATED or WAITR HOLDINGS, INC. in any state from March 6, 2016 to the present for whom the employer reported wages on IRS Form W2" and (2) "All Delivery Drivers employed by WAITR INCORPORATED or WAITR HOLDINGS, INC. in any state from March 6, 2016 to the present for whom the employer reported wages on IRS Form 1099."[13] They further seek to certify a class under Rule 26 consisting of "All Delivery Drivers employed in Louisiana by WAITR INCORPORATED or WAITR HOLDINGS, INC. from March 6, 2016 to the present."[14] Plaintiffs' proposed Rule 23 class action includes **thousands** of

---

intent to limit these types of claims to collective actions"); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 993 (C.D. Cal. 2006) (allowing FLSA collective action and Rule 23 class action to proceed together would undermine Congress's intent to limit FLSA claims to opt-in actions by binding class members who choose not to opt in to the FLSA action but do not opt out of the Rule 23 class to the suit's result on the state law claims, and having opt-in and opt-out claims in the same case would be confusing for potential plaintiffs); *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004) (finding that use of supplemental state-law claims to certify an opt-out class in federal court would undermine Congress's intent to limit these types of claims to collective actions); *De Luna-Guerrero v. North Carolina Grower's Ass'n*, 338 F. Supp. 2d 649 (E.D. N.C. 2004) (supplemental jurisdiction declined due to logistical complications); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004) ("[T]he policy behind requiring FLSA plaintiffs to opt[ ]in to the class would largely be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement." (citations omitted)).

[13] Supplemental and Amending Complaint (Doc. No. 3), Part VIII(c).

[14] *Id.*

9

individuals who, if the Court certifies the requested class, will become part of this suit if they do not opt out. By contrast, since the filing of the original Complaint over six weeks ago, a total of only **seven** individuals have opted in to Plaintiffs' proposed collective action.[15] While notice, if granted, presumably will work to correct some of this disparity, it is virtually inevitable that the number of individuals made part of Plaintiffs' proposed class action by virtue of their failure to opt out will exceed drastically the number of individuals who affirmatively opt in to their proposed collective actions, placing the Court in the "murky" situation of exercising supplemental jurisdiction over potentially thousands of pendent plaintiffs over whom it has no original jurisdiction. In addition, this disparity means that Plaintiffs' state claims and associated class allegations necessarily will predominate over their FLSA claims. As the court noted in *Jackson* regarding the disparity between the number of individuals encompassed by the proposed Rule 23 versus the number of individuals opting in to plaintiffs' collective action:

> The heft of the claims before the Court, then, would dramatically favor the state law claim, assuming that not all of thousands of Rule 23 plaintiffs would opt-in to the FLSA claim. This reality would flaunt the Congressional intention that FLSA claims proceed as an opt-in scheme. The Court finds that this fact alone favors remand of the state claims.

*Jackson*, 220 F.R.D. at 60.

"[M]ost importantly," however, the Rule 23 class action sought by Plaintiffs fundamentally undermines Section 216(b)'s opt-in requirement, which is why the Fifth Circuit and others "frown[] upon" courts' simultaneous management of the two procedural mechanisms

---

[15] The small number of individuals opting in to this suit is particularly notable given that, in about the same amount of time, 150 individuals have opted in to *Halley, et al. v. Waitr Holdings, Inc., et al.*, Civ. Action No. 19-01800, which also is pending before this Court. The plaintiffs in *Halley* do not seek to certify a class under Rule 23.

in the same proceeding. *Jackson*, 220 F.R.D. at 59-60. The Supreme Court has recognized that Section 216(b) was enacted specifically to *foreclose* the possibility of plaintiffs alleging wage and hour violations via traditional Rule 23 class actions. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989) (noting the FLSA was drafted with the aim of "limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions"); *see also, e.g., Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368, at *5 (D.N.J. 1/6/06) (same). Plaintiffs' state law claims reflect merely the repackaging of their FLSA allegations – permitting them to proceed via a Rule 23 class action would allow them to circumvent Section 216(b)'s opt-in requirement, thereby undermining entirely the congressional intent behind Section 216(b). *E.g., Ramsey v. Ryan Beck & Co.*, No. 07-635, 2007 WL 2234567, at *2 (E.D. Pa. 8/1/07) (collecting cases and noting that "numerous courts have opined that permitting a FLSA collective action to be litigated with a Rule 23 state-law class action would 'nullify Congress's intent in crafting [FLSA] § 216(b) and eviscerate the purpose of § 216(b)'s opt-in requirement.'"); *Moeck*, 2006 WL 42368, at *5 (denying class certification, as allowing the plaintiff "to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions") (internal citation omitted).[16]

Finally, the fundamental differences between Rule 23's class action and Section 216(b)'s collective action will create confusion, make case management incredibly cumbersome and

---

[16] *See also, e.g., Herring v. Hewitt Assocs., Inc.*, No. 06-267, 2006 WL 2347875, at *2 (D.N.J. 8/11/06) (citing *LaChapelle*); *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 523–24 (M.D. Pa. 2006) (same); *McClain*, 222 F.R.D. at 577 (same).

unwieldly, and detract from the efficient resolution of the substantive dispute. *See, e.g., Jackson*, 220 F.R.D. at 59-60; *see also, e.g., In re Am. Fam. Mut. Ins. Co. Overtime Pay Litig.*, 638 F. Supp. 2d at 1298-99 (questioning the judicial economy, convenience, and fairness associated with "hybrid" actions). Among other things, setting aside the fact that class actions include all persons within the definition who do not opt out and collective action includes only those who opt in, the two procedures entail different standards for certification[17] and, in this case specifically, concern different universes of putative plaintiffs and different claims with varying statutes of limitations or prescriptive periods and different elements. Plaintiffs' allegations require – at a minimum – two different notices. For drivers in Louisiana, putative plaintiffs would receive at least one notice requiring them to opt out of certain claims and another notice requiring them to opt in to certain claims. Confusion is inevitable. *McClain*, 222 F.R.D. at 577 ("it may be confusing for a potential class member to receive a notice indicating that they must opt out of some claims and opt in to others") (internal citation omitted).

While Section 1367(a) permits the joinder of state claims to federal claims where appropriate, "it does not contemplate a plaintiff using supplemental jurisdiction as a rake to drag as many members as possible into what would otherwise be a federal collective action." *McClain*, 222 F.R.D. at 577. This is precisely what Plaintiffs' state law claims and class allegations seek to do. For all of the above reasons, the Court should decline to exercise supplemental jurisdiction over Plaintiffs state law claims and associated class action allegations and dismiss those claims without prejudice.

---

[17] Whereas the FLSA permits the aggregation of claims only where putative plaintiffs are "similarly situated," *see* § 216(b), Rule 23 permits aggregate actions that meet the Rule's requirements of numerosity, commonality, typicality, and adequacy.

12

        2.        **Plaintiffs' State Law Claims Raise Unique Issues of State Law and Will Predominate Over Plaintiffs' FLSA Claims.**

As a practical matter, Plaintiffs' state law claims will predominate over their FLSA claims – the only reason they are before this Court in the first instance – because the number of individuals likely to opt out of Plaintiffs' class action likely will be far less than the number of individuals likely to opt in to their collective actions. *E.g., Jackson*, 220 F.R.D. at 60 (finding that "this fact alone favors [dismissal] of the state claims").

In addition, however, Plaintiffs' state law claims involve unique questions of Louisiana law and go beyond their FLSA claims "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). For instance, Plaintiffs' claims for unjust enrichment entail a ten-year prescriptive period and require that Plaintiffs demonstrate, among other things, that "there [is] no other remedy at law available to [them]." *Richard v. Wal-Mart Stores, Inc.*, 2007 WL 1521467, at *2 (W.D. La. 5/21/07). In other words, Plaintiffs must show that the FLSA somehow does not provide them adequate remedy for their grievances – an inquiry necessarily beyond the scope of their FLSA claims. Similarly, Plaintiffs' claims under the Louisiana Wage Payment Act involve a three-year prescriptive period regardless of any willfulness on Waitr's part and will require the Court to make all manner of determinations having nothing to do with Plaintiffs' FLSA claims – for instance, whether Waitr's alleged requirement that Plaintiffs bear the costs associated with their vehicles constitutes a failure to pay wages due upon termination under Section 23:631, a contract forfeiting wages prior to discharge under Section 23:634, and/or an impermissible "fine" or deduction under Section 23:635. These concepts are inapposite to Plaintiffs' FLSA claims

and entirely peculiar to causes of action provided under Louisiana law. Plaintiffs' state law claims go well beyond and will substantially predominate over the FLSA claims.[18]

### III. Conclusion

This suit fundamentally is a wage and hour suit, and Plaintiffs' claims appropriately are governed by the FLSA. While Plaintiffs have attempted to refashion the allegations asserted in support of their FLSA claims into causes of action under Louisiana law, the factual allegations pled fall short of stating cognizable state law claims. Plaintiffs' state law claims and associated class allegations further represent merely an attempt to circumvent Section 216(b)'s specific requirements for maintaining a representative wage and hour suit under federal law. For all of the reasons set forth above, the Court should dismiss Plaintiffs' state law claims for failure to state a claim under Rule 12(b)(6); at a minimum, it should decline to exercise supplemental jurisdiction over the state law claims and dismiss those claims and Plaintiffs' class action allegations pursuant to Rule 12(b)(1) and Section 1367(c).

---

[18] *See, e.g.*, *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309-10 (3d Cir. 2003) (declining supplemental jurisdiction over state law wage claims because additional proof means they substantially predominated over FLSA claims); *Ridley v. Regency Village, Inc.*, No. 17-974, 2018 WL 1334813, at *4-5 (S.D. Tex. 3/15/18) (same); *Reed v. Val-Chris Invs., Inc.*, No. 11-371, 2011 WL 6028001, at *4 (S.D. Cal. 12/5/11) (state law claims substantially predominate because they would require more judicial resources to adjudicate than the federal claims).

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


BY:  *s/ Erin Pelleteri Howser*
STEVEN F. GRIFFITH, JR. (27232)
ERIN PELLETERI HOWSER, T.A. (30666)
KATHLYN G. PEREZ (30668)
LAURA E. CARLISLE (33760)
EMILY OLIVIER KESLER (37747)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
E-mail: sgriffith@bakerdonelson.com
E-mail: epelleteri@bakerdonelson.com
E-mail: kperez@bakerdonelson.com
E-mail: lcarlisle@bakerdonelson.com
E-mail: ekesler@bakerdonelson.com

**ATTORNEYS FOR WAITR HOLDINGS INC.**


**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants.

*s/ Erin Pelleteri Howser*
ERIN PELLETERI HOWSER