UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AUTUMN MONTGOMERY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2208** |
| **WAITR HOLDINGS INC.** | **SECTION "L" (3)** |

### ORDER & REASONS

Before the Court is Defendant's motion to dismiss Plaintiffs' state law claims and associated class action allegations. R. Doc. 17. Plaintiffs oppose. R. Doc. 19. For the reasons that follow, the motion is GRANTED.

**I.    BACKGROUND**

This wage dispute arises out of Autumn Montgomery and Nateshus Jackson's work as delivery drivers for Waitr Holdings Inc., a technology company that operates a mobile food delivery app. Montgomery, who worked as an employee, alleges that Waitr failed to pay her the applicable minimum wage and failed to pay the correct amount of overtime, in violation of the Fair Labor Standards Act ("FLSA"). Jackson, who worked for Waitr as a "contract" delivery driver, alleges that Waitr misclassified him as an independent contractor, failed to pay him the applicable minimum wage, and failed to pay the correct amount of overtime. Montgomery and Jackson each seek to represent a nationwide collection of similarly situated drivers under §216(b) of the FLSA.

Montgomery and Jackson also assert state law claims. They allege that Waitr's requirement that all delivery drivers "maintain at their own expense a licensed and insured automobile to make deliveries" and bear all costs associated with their vehicles unjustly enriched Waitr at their expense

1

and gives rise to several violations of the Louisiana Wage Payment Act. (R. Doc. 3 at 8). Montgomery and Jackson bring these state law claims individually and, under Federal Rule of Civil Procedure 23, on behalf of a proposed class.

## II.  PRESENT MOTION

Waitr moves to dismiss Plaintiffs' state law claims and the associated class action allegations under Federal Rule of Civil Procedure 12(b)(6). It argues that (1) Plaintiffs cannot state a cognizable claim for unjust enrichment, violations of the Louisiana Wage Payment Act, or any other theory provided by Louisiana law, and (2) even if they could, the Court should decline to exercise supplemental jurisdiction over them in light of the fundamental incompatibility between Rule 23's class action procedure and the FLSA's collective action procedure.

## III.  LAW AND ANALYSIS

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 678. A court "do[es] not accept

as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

*i.*

The remedy of unjust enrichment is "only applicable to fill a gap in the law where no express remedy is provided" – it is not available "if the law provides another remedy." *Walters v. MedSouth Record Mgmt., LLC*, 2010-0352 (La. 6/4/10), 38 So. 3d 241, 242. Plaintiffs' claim that Waitr did not adequately compensate them given the costs associated with their vehicles is cognizable under the FLSA. Because the law provides another remedy, Plaintiffs cannot, as a matter of law, plead a plausible claim for unjust enrichment. *See, e.g., Thomas v. Wallace, Rush, Schmidt, Inc.*, 2019 WL 1781412, at *4 (M.D. La. Apr. 22, 2019) (dismissing unjust enrichment claim because the FLSA provided plaintiff another remedy).

*ii.*

The Louisiana Wage Payment Act ("LWPA") "is designed to compel prompt payment of earned wages upon an employee's discharge or resignation." *Davis v. St. Francisville Country Manor, L.L.C.,* 2013-0190 (La. App. 1 Cir. 11/1/13), 136 So. 3d 20, 22. It requires an employer, upon termination or resignation of an employee, to "pay the amount due under the terms of employment" (La. R.S. 23:631(A)); forbids an employer from requiring an employee to forfeit her wages upon termination or resignation (La. R.S. 23:634); and prohibits an employer from "assess[ing] any fines against his employees or deduct[ing] any sum as fines from their wages." (La. R.S. 23:635). Plaintiffs allege that Watir's requirement that delivery drivers bear the costs associated with their vehicles violates these provisions.

Plaintiffs have not stated a claim under the LWPA. First, Plaintiffs allege that Waitr promised to pay its employee drivers a cash wage of $6.00 or $5.00 per hour and its independent

3

contractor drivers $2.50 per delivery – and they do not allege that Waitr failed to pay those amounts. Rather, they argue that "[b]ecause the Delivery Drivers were required to bear the cost" of their vehicles, they "did not receive the cash wage promised by WAITR 'free and clear.'" R. Doc. 3 at 9.

The phrase "free and clear" does not appear in the LWPA. Plaintiffs' allegation is not that Waitr failed to pay the wages due "under the terms of employment," but that the agreed-upon (and paid) wages were inadequate because the delivery drivers incurred out-of-pocket expenses to maintain and operate their vehicles. Plaintiffs' charge that the wages Waitr promised to – and did – pay were insufficient falls under the Fair Labor Standards Act, and is not cognizable under the LWPA. *See, e.g., Whitworth v. Chiles Offshore Corp.*, 1992 WL 245618, at *1 (E.D. La. Sept. 17, 1992) (holding that the LWPA "is directed only at the payment, upon termination, of 'agreed-upon' compensation"); *Stoll v. Goodnight Corp.*, 469 So.2d 1072, 1075 (La. Ct. App. 1985) (the LWPA "does not contemplate as a *wage* dispute a dispute over an amount that does not represent remuneration for personal services nor those where the amount claimed may not be *due* under the terms of employment"); *Price v. Stranco, Inc.*, 887 So.2d 82, 85 (La. App. 1 Cir. 9/8/04), *writ denied* 888 So.2d 867 ("[W]ages are any amount due under the terms of employment, which are earned during a pay period. In contrast, the reimbursement sought by [plaintiff] is not a sum 'earned' but simply an expense incurred or expenditure made by [plaintiff] as a result of his work duties.").[1]

Second, Waitr's requirement that delivery drivers incur the costs associated with their

---

[1] *See also Hess v. Magnolia Behavioral Healthcare, L.L.C.*, 189 So.3d 1183, 1189 (La. App. 1 Cir. 2/24/16), *writ denied*, 191 So.3d 1056 (where, under terms of employment, paid time off was a "mere gratuity," unused paid time off was "not an amount then due under the terms of employment" or a "wage which [the plaintiff] should have been paid" in accordance with the LWPA); *Divine v. Levy*, 36 F. Supp. 55, 58 (W.D. La. 1940) ("Plaintiff discloses by his petition that he was paid the amount due under the terms of his employment; that is, under the contract made by him with his employer … The additional amount he asked for is what the Federal statute accords him; it was never a part of his 'terms of employment.'").

personal vehicles does not constitute a fine or an unauthorized deduction of their wages as contemplated by the LWPA. "The term 'fine' as used in the statute means a pecuniary penalty imposed for the violation of some law, rule or regulation." *Blank v. Tomorrow PCS, LLC*, No. 16-11092, 2017 WL 4310675, at *7 (E.D. La. Sept. 28, 2017). In this context, "Louisiana courts have held that an employer's unilateral, arbitrary, or unreasonable deduction of an employees' wages is a fine which violates [the LWPA]." *Richard v. Flowers Foods, Inc.*, 2018 WL 5305377, at *6 (W.D. La. Aug. 13, 2018). *See also Samson v. Apollo Res., Inc.*, 242 F.3d 629, 637 (5th Cir. 2001) ("The few cases discussing § 23:645 restrict employers from levying fines on the employee (via deductions from wages) for failing to follow workplace procedures and regulations"); *Stegall v. Orr Motors of Little Rock, Inc.*, 121 So.3d 684 (La. App. 2 Cir. 6/26/13) (employer's unilateral and arbitrary deductions from employees' paychecks are fines); *Newsom v. Glob. Data Sys., Inc.*, 107 So.3d 781, 788 (La. App. 3 Cir. 12/12/12) (employer's practice of requiring reimbursement for the cost of education and training and deducting that cost from employees' last paycheck upon separation from the company was essentially a "penalty for leaving," in violation of the LWPA and principles of at-will employment).

The out-of-pocket vehicle expenses incurred by Plaintiffs are not fines or deductions from Plaintiffs' wages within the meaning of the LWPA. Waitr did not unilaterally deduct those costs from their wages or impose them as a penalty – the requirement that Plaintiffs bear the costs associated with their vehicles is a term of Plaintiffs' employment that is imposed on all delivery drivers.

## IV. CONCLUSION

Because Plaintiffs do not allege that Waitr (1) failed to pay the amounts that it agreed to pay them, (2) unilaterally deducted from their pay the costs associated with their vehicles, or (3)

imposed those costs as a penalty, they have not stated cognizable claims under the LWPA. And because the FLSA provides Plaintiffs another remedy, they cannot state a claim for unjust enrichment. Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss Plaintiffs' state law claims and the associated class action allegations, R. Doc. 17, is **GRANTED**.

New Orleans, Louisiana, this 23rd day of May, 2019.

                                                   UNITED STATES DISTRICT COURT JUDGE