UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUALEIA HALLEY and HEATHER GONGAWARE, individually and on behalf of all others similarly situated, | * * * * | CIVIL ACTION NO. 19-01800 c/w 19-2208 |
| Plaintiffs, | * * | |
| | * | **(Reference to All Cases)** |
| VERSUS | * * | SECTION "L" |
| WAITR HOLDINGS, INC. F/K/A LANDCADIA HOLDINGS, INC. and WAITR INCORPORATED, | * * * * | JUDGE FALLON MAG. DIV. (2) MAG. JUDGE WILKINSON |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PRELIMINARY APPROVAL ORDER

Considering the Consent Motion for Preliminary Approval of Settlement Agreement, Conditional Certification of the Settlement Class, and Approval of the Proposed Notice of Settlement and Class Action Settlement Procedures filed by Waitr Holdings Inc., R. Doc. 90;

**IT IS ORDERED** that the Motion be and is **GRANTED**. The parties' "Settlement Agreement" filed into the record on April 16, 2020, the class and collective settlement set forth therein, and all exhibits attached to the "Settlement Agreement," are hereby **PRELIMINARILY APPROVED** by the Court as fair, reasonable, and adequate, as negotiated and entered into at arms' length, in good faith, and free of collusion to the detriment of the Settlement Class Members,[1] and as being within the range of possible judicial approval at a prospective Fairness Hearing;

---

[1] Settlement Class Members include all individuals within the scope of the representative actions proposed by Plaintiffs in the Litigation, including, more specifically, all current and former delivery drivers who worked for or were engaged by Waitr throughout the United States from February 13, 2017, through the entry date of the Court's Preliminary Approval Order.

**IT IS FURTHER ORDERED** that the following Class and Collective be certified for settlement purposes only: "All current and former delivery drivers who worked for or were engaged by Waitr throughout the United States during the Class Period, from February 13, 2017 through the date of this Order."

**IT IS FURTHER ORDERED** that, for settlement purposes only, the requirements of 29 U.S.C. § 216, Federal Rule of Civil Procedure 23(a), and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3), which the Court need not address for purposes of settlement. This Order shall not be cited in this or any matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose, other than enforcing the terms of the "Settlement Agreement."

**IT IS FURTHER ORDERED** that the proposed Notice of Collective and Class Action Settlement, attached as Exhibit "B" to the "Settlement Agreement," be authorized and approved;

**IT IS FURTHER ORDERED** that the protocol for the dissemination and publication of the notice to class members concerning settlement, as set forth in the "Settlement Agreement" at Section 2.3, pp. 7-8, be authorized and approved;

**IT IS FURTHER ORDERED** that the proposed Claim Form and Release, attached as Exhibit "C" to the "Settlement Agreement," be authorized and approved;

**IT IS FURTHER ORDERED** that the protocol for the dissemination and publication of the Claim Form and Release, as set forth in the "Settlement Agreement" at Section 2.3, pp. 7-8, be authorized and approved;

**IT IS FURTHER ORDERED** that the notice and claim procedures set forth in the Settlement Agreement at Section 2, pp. 7-9, be authorized and approved;

**IT IS FURTHER ORDERED** that the proposed Opt-Out Statement, attached as Exhibit "D" to the "Settlement Agreement," be authorized and approved;

**IT IS FURTHER ORDERED** that the protocol for the dissemination and publication of the Opt-Out Statement, as set forth in the "Settlement Agreement" at Section 2.3, pp. 7-8, be authorized and approved;

**IT IS FURTHER ORDERED** that the opt-out procedures set forth in the Settlement Agreement at Section 2.4, p. 8, be authorized and approved;

**IT IS FURTHER ORDERED** that, for settlement purposes only, Jualeia Halley, Heather Gongaware, Autumn Montgomery, and Nateshus Jackson be appointed as Class Representatives;

**IT IS FURTHER ORDERED** that, for settlement purposes only, ANDERSON ALEXANDER, PLLC, BOHRER BRADY, LLC, and BRINEY FORET CORRY, LLP be appointed as Class Counsel;

**IT IS FURTHER ORDERED** that Settlement Class Members are enjoined under the All Writs Act, 28 U.S.C. § 165, from filing or prosecuting up to the date of entry of a Final Approval Order, or the voiding of the "Settlement Agreement," any claims, suits, or administrative proceedings regarding claims released by them under the "Settlement Agreement" unless and until such Settlement Class Members have submitted valid and timely Opt-Out Requests with the Claims Administrator and the Claim Form Deadline has elapsed;

**IT IS FURTHER ORDERED** that the parties have reserved all claims and defenses in this litigation, should the proposed class settlement not become final;

**IT IS FURTHER ORDERED** that A.B. Data be appointed as the Settlement Administrator, responsible for disseminating notice to class members and implementing the claims procedures in accordance with the provisions of the "Settlement Agreement;"

3

**IT IS FURTHER ORDERED** that a Fairness Hearing will take place on the 19th day of August, 2020, at 2:30 p.m. CT, in order to consider comments on and objections to the "Settlement Agreement," and to approve thereafter the class settlement as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure and as fair, reasonable, and the resolution of a *bona fide* dispute in accordance with Fair Labor Standards Act jurisprudence. During the Fairness Hearing, the Court will also confirm the overall fairness of the settlement and fix the amount of reasonable attorneys' fees and costs to Class Counsel and service awards to the Class Representatives;

**IT IS FURTHER ORDERED** that Class Counsel shall file their motion for reasonable attorneys' fees, costs, and the service award payments sought in the Settlement, on or before July 20, 2020;

**IT IS FURTHER ORDERED** that Class Counsel shall file their motion for final settlement approval, along with a list (which may be filed under seal) containing the names of all members of the Qualified Class Members, as defined in the "Settlement Agreement," on or before July 20, 2020; and

**IT IS FURTHER ORDERED** that all objections to the proposed class settlement be made in accordance with the "Settlement Agreement," Section 2.7, p. 9, or be deemed waived.

New Orleans, Louisiana, this 27th day of April, 2020.

_____
The Honorable Eldon E. Fallon
United States District Judge